## SHERMAN v. UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF NEW YORK.

No. 459.   Argued December 5, 6, 7, 1899. — Decided May 14, 1900.

*Knowlton* v. *Moore, ante,* 41, and *Murdock* v. *Ward, ante,* 139, followed.

In the Circuit Court of the United States for the Northern
District of New York, on November 20, 1899, George D. Sher-
man filed a complaint against the United States seeking to re-
cover from said defendant the sum of $8969.02, which he
claimed had been unjustly exacted by John G. Ward, collector
of internal revenue for the fourteenth district of New York,
from George T. Murdock, executor of the last will of Mrs.
Jane H. Sherman, the mother of complainant, as a duty or tax
imposed by virtue of the provision of the act of June 13, 1898;
that said sum of $8969.02 was deducted by the said executor
from the income due and payable under the provisions of said
will to the complainant; that the income, of which the com-
plainant was entitled to receive an annual portion during his
life, was composed in part of United States bonds, which the
complainant avers to be, by virtue of the acts of Congress
under which they were issued, non-taxable and non-assessable
for the purposes of taxation.

The complaint further alleged, among other things, that the
tax so imposed was void because a direct tax, not apportioned
among the States in proportion to their population; that if
said tax was not direct, but an impost, excise or duty, the same
was void, because not uniform throughout the United States;
and that it is not within the constitutional power of Congress
to levy a tax upon a right of inheritance or disposition by will
provided for by the laws of the State of New York, or to re-
quire the payment of a larger or different amount of tax from
or imposed upon a legacy or a legatee, because of the greater
wealth of the donor of such legacy, than is required when the
legacy is a gift of a testator of smaller means.

The United States, appearing by Charles H. Brown, United States Attorney for the Northern District of New York, demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. On hearing the Circuit Court sustained the demurrer, and ordered that the complaint be dismissed. A writ of error was allowed to this judgment, and the cause was brought to this court.

*Mr. John G. Carlisle* and *Mr. Charles E. Patterson* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

In so far as the contentions urged in this action are based on the allegation that the tax imposed on the legacies left in the will of Mrs. Jane H. Sherman is void because it is an unapportioned, direct tax, or, if not a direct tax but a duty or excise, the same is void because not uniform throughout the United States, or void because it is not competent to levy an inheritance or legacy tax upon property passing to legatees under the laws of the State of New York, they have been disposed of adversely to the plaintiff, in the case of *Knowlton, Executor,* v. *Moore, Collector, ante,* 41, recently decided by this court.

So, too, the proposition that bonds of the United States and the income therefrom are not lawfully taxable under an inheritance tax law of the United States, because exempted by contract from such tax, has just been decided not to be well founded, in the case of *Murdock* v. *John G. Ward, ante,* 139.

The allegation in the complaint that "it is not within the constitutional power of Congress to require the payment of a larger or different amount of tax from or imposed upon a legacy or a legatee because of the greater wealth of the donor of such legacy than is required when the legacy is the gift of a testator of smaller means," need not be considered, because this court has held, in the case of *Knowlton, Executor,* v. *Moore,* that, upon a proper construction of the act of June 13, 1898, the

amount of the inheritance or legacy tax levied thereunder is measured by the amount of the legacy or distributive share passing under the laws of the State, and not by the amount of the estate of the testator or of the deceased owner.

As, however, it appears in this record that the taxes actually levied and paid on the legacies left by the will of Mrs. Sherman were computed upon the mistaken assumption that the amount of the estate of the testatrix was the measure of the tax, and not the amount of the respective legacies, the complainant is entitled to be repaid the excess thus imposed upon his legacy. As we have reversed the judgment in the case of *Murdock, as Executor of Mrs. Sherman*, v. *The Collector*, and have remanded that case to the Circuit Court of the Southern District of New York, in order that the erroneous computation may be corrected, and as thus what is coming to the plaintiff in error, upon such correction being made, will be recovered by Murdock as executor and trustee under the will of Mrs. Sherman, and thereby and in that case the plaintiff in error will be indemnified, he needs no further proceeding in his suit in the Circuit Court for the Northern District of New York. Lest, however, the judgment dismissing his complaint may embarrass his right to claim indemnity from the executor, we shall reverse this judgment, and it is so ordered.

*Reversed.*

MR. JUSTICE WHITE dissented in respect to the taxability of the bonds.

MR. JUSTICE PECKHAM took no part in the decision of the case.